# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**VICKIE PEEKS**                                                                      **PLAINTIFF**

                                                                                                 **NO. 1:17CV165-JMV**

**NANCY BERRYHILL,**
**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ's mental residual functional capacity findings are not supported by substantial evidence in the record. Specifically, the ALJ essentially rejected opinions of an examining physician and a treating physician, James Lane, Ph.D., and Raymond Overstreet, M.D., respectively, in favor of the opinions of non-examining state agency physicians. By way of illustration, in June 2013 Patricia Alexander, Ph.D., a state agency non-examining physician, found the claimant was capable of understanding and following "simple instructions with adequate concentration and attention" and merely noted "some problems in social interactions." On the other hand, in May 2013 Dr. Lane opined that the claimant was "moderate [sic] to

severely impaired regarding . . .[her] ability to maintain concentration and attention" and "severely impaired in the area of interacting appropriately with co-workers and accepting supervision."  Dr. Overstreet's May 2015 assessment of the claimant's functioning did not substantially differ from Dr. Lane's in that Dr. Overstreet found that in the area of "deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner" the claimant's functioning was "poor"; she had a "poor" ability to maintain attention and concentration for two hour segment[s]"; she had no ability to "accept instructions and respond appropriately to criticism from supervisors"; and had a "poor" ability to "get along with co-workers and peers."  By November 2016, Dr. Overstreet's opinion with regard to these specific areas changed only to the extent that the claimant developed a "poor" ability to accept instructions from and respond appropriately to criticism from supervisors.  Ultimately, Dr. Alexander's opinions fail to provide substantial evidence to support the ALJ's mental residual functional capacity determination where, as here, Dr. Alexander did not review any of Dr. Overstreet's records and her opinions conflicted with the opinions of examining physicians.  *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

It is also noteworthy that the reasons the ALJ gave for discounting the opinions of Drs. Lane and Overstreet are not supported by substantial evidence in the record.  Contrary to the ALJ's finding, there is no appreciable conflict between the opinions of Dr. Lane and Dr. Overstreet.  Likewise, this Court could not find any real inconsistency between Dr. Overstreet's medical source opinions and his treatment notes, particularly as relates to the areas of functioning noted above.

On remand, the ALJ must reconsider all of the evidence related to the claimant's mental impairments. If necessary, the ALJ will recontact Dr. Lane and/or Dr. Overstreet for clarification or further explanation of any medical opinion. Also, if necessary, the ALJ must employ the assistance of a medical advisor and seek an opinion regarding the claimant's ability, function-by-function, to perform mental work activities based upon all of the evidence in the record. Finally, if necessary, the ALJ must obtain supplemental vocational expert evidence. Ultimately, the ALJ will render a new decision that incorporates the undisturbed findings related to the claimant's physical impairments and, with respect to the claimant's mental impairments, is based upon substantial evidence in the record and includes credible and detailed explanations for discounting any examining or treating physician opinion. The ALJ may conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED IN PART as discussed herein AND REMANDED for further proceedings.**

This, the 26th day of September, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE